**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF KENTUCKY – Northern Division**

| | | |
|---|---|---|
| Brett Baas | : | Case No. 2:23-CV-127-DCR |
|     c/o Christopher Wiest, Esq. | | |
|     25 Town Center Blvd, Ste. 104 | : | |
|     Crestview Hills, KY 41017 | | |
| | : | |
|     **Plaintiff** | | |
| | : | |
| v. | | |
| | : | |
| **NICHOLAS HANCOCK** | | |
| 20 W. Pike St. | : | |
| Covington, KY 41011 | | |
| *In his individual capacity only* | : | |
| | | |
| **AND** | : | |
| | | |
| **ZACHARY STAYTON** | : | |
| 20 W. Pike St. | | |
| Covington, KY 41011 | : | |
| *In his individual capacity only* | | |
| | : | |
| **AND** | | |
| | : | |
| **CITY OF COVINGTON** | | |
|     c/o William Hanna, City Solicitor | : | |
| 20 W. Pike St. | | |
| Covington, KY 41011 | : | |
| | | |
|     **Defendants** | : | |

<u>**PLAINTIFF'S AMENDED COMPLAINT WITH JURY DEMAND ENDORSED HEREON**</u>

<u>**Introduction**</u>

1. It is clearly established law that a disorderly conduct charge cannot be maintained based on an individual's mere refusal to provide identification and for speaking to officers post-arrest, particularly where the individual has not been involved in a crime. It is equally clearly established law that an arrest cannot be maintained without probable cause.

1

Defendants violated this clearly established law in their arrest of the Plaintiff on September 22, 2022, and this action seeks redress for the resulting injuries.

## Parties

2. Plaintiff is a resident and citizen of Kentucky and the United States.

3. Defendants, Nicholas Hancock ("Hancock") and Zachary Stayton ("Stayton"), are police officers by and for the City of Covington, Kentucky, and were so acting in that capacity, and under color of law, on or about September 22, 2022, in their interactions with Plaintiff.

4. Defendant City of Covington, Kentucky ("Covington"), was and is a municipality within Kentucky.

## Jurisdiction and Venue

5. Subject matter jurisdiction over the federal claims and causes of action asserted by Plaintiff in this case is conferred on this Court pursuant to 42 U.S.C. §1983, 42 U.S.C. § 1988, 28 U.S.C. §1331, 28 U.S.C. §§ 2201 and 2202, and other applicable law.

6. Subject matter jurisdiction over the state law claims and causes of action asserted by Plaintiff in this case is conferred on this Court pursuant to 28 U.S.C. §1367, because such state law claims arise from the same exact facts as the federal claims, and thus are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue in this district is proper pursuant to 28 U.S.C. §1391 and other applicable law.

8. Venue in this division is appropriate, since all of the deprivations of Plaintiff's Constitutional Rights occurred in Kenton County, Kentucky, and a Defendant resides in this District and Division.

## **Facts Common to all Claims**

9. On or about September 22, 2022, in the course of conducting law enforcement operations, Defendant Hancock approached Plaintiff to inquire about what he and a woman were doing in the parking lot of the Covington, Kentucky Kroger, which was closed at the time.  For the avoidance of all doubt, Plaintiff committed no criminal offense.[1]

10. The parking lot had no barriers to entry nor any No Trespassing signs.

11. Upon approach, the woman with Plaintiff informed Defendant Hancock that Plaintiff was asking her if she had seen his cat, of which Plaintiff had a picture on his phone at the time of his approach.

12. Defendant Hancock accepted their explanation, and asked what the cat looks like.

13. Plaintiff told Defendant Hancock that he posted a photo of the cat on a NKY Lost pets group.

14. Defendant Hancock next said Plaintiff and the woman "looked kind of suspicious when [the police] saw you standing there."

15. The woman then said that she was picking up trash, and Defendant Hancock accepted the explanation.

16. Plaintiff continued to explain that a cat made it to Covington from Latonia, and that people feed cats in the Kroger parking lot.

17. Defendant Hancock asked Plaintiff for his identification.

18. Plaintiff said "Yeah, I'm not giving you my ID."

---

[1] We know, in part, that Plaintiff committed no criminal offense because the Kenton County Attorney's office dismissed the charges against Plaintiff for lack of Probable Cause.

19. Defendant Hancock responded "Ok.  Why's that?"

20. Plaintiff responded "Because I don't have to by law.  You didn't stop me, I'm not driving."

21. Defendant Hancock then interrupted by saying "I did, actually come up and stop you." At which point Plaintiff said "Well I'm not giving you my ID.  This is not --," and Defendant Hancock, fabricating an excuse to ID after his initial suspicion had been extinguished, interrupted, "You're trespassing on this parking lot."

22. Plaintiff responded, "I'm not trespassing."

23. Plaintiff's legal refusal to present his identification to the Defendant Officers infuriated Defendants Hancock and Stayton and a third Non-Defendant officer.

24. Defendant Stayton ordered Plaintiff to step away from his car door.

25. Within two seconds of that command, Defendants Hancock and Stayton then escalated the situation with each of them grabbing one of the Plaintiff's hands, and collectively utilizing force upon the Plaintiff to force Plaintiff's hands behind his back, even though Plaintiff had not been placed under arrest, and there was no reasonable justification for the action.  Review of body camera footage depicts the Plaintiff was in pain from these actions.   Hancock seized the Plaintiff's phone in this process.

26. Plaintiff did not resist and simply responded "What is your deal, man?"

27. Defendant Stayton, while participating in the forcing of Plaintiff's hands behind his back, shouted, "You're not listening.  Listen!"

28. Plaintiff, indicating his compliance, responded and fearing that Defendant officers were about to use gratuitous force on him said, "Alright, Alright!  Don't don't slam me."

29. Plaintiff, while in custody of Defendants Hancock and Stayton, said "Don't slam me. What is the fucking problem?  Get off my phone, dude."

30. In retaliation to Plaintiff's speech as set forth in paragraphs 18-22, 26, 28, and 29, Defendants Hancock and Stayton next forcefully slammed Plaintiff including his face, onto the curb and fence dividing the Kroger Parking Lot from the next lot.

31. Plaintiff, as a result, suffered physical injury to his face, arms, wrist, and body.

32. Plaintiff then said "Alright alright, ok."

33. Defendants Hancock and Stayton then handcuffed him.

34. Defendant Stayton then said "So now, where's your ID, sir?"

35. Plaintiff then said "I want to speak to a supervisor.  Can you get my glasses, please?"

36. Another officer then shouted "Are you going to stop acting like a jackass?"

37. Plaintiff asked what he did.

38. The same officer, clearly angry with Plaintiff's legal refusal to present ID, shouted, "You haven't listened, you haven't cooperated, you just resisted.  That's what you did sir."

39. Plaintiff denied resisting.

40. The body camera video is clear that Plaintiff did not resist arrest.

41. Plaintiff then complained of the handcuffs being put too tight around his wrist to Hancock and Stayton, stating: "I'm not resisting dude, you can let off the pressure on my wrist.  Please, I'm not resisting."

42. No officers loosened the handcuffs on Plaintiff, despite his request.

43. Plaintiff's repeated exercise of his free speech rights to criticize Defendants' unlawful police misconduct infuriated Defendant Hancock and Stayton.

44. Seconds after Plaintiff asked that Defendant Hancock then said, in retaliation to Plaintiff's constitutionally protected request for his cuffs to be loosened and Plaintiff's inquiries into the officers' conduct and use of force, said "One more remark, argument, you're going for DC [disorderly conduct].  Understand?"  Plaintiff responded "Understood."

45. Defendants Hancock and Stayton then undertook a search of Plaintiff's pockets and belongings.  In response, Plaintiff said "That's an illegal search.  I don't consent to that."

46. Defendant Hancock responded "Well you're going to jail so it really doesn't matter."

47. Plaintiff once again asked for his glasses, and rather than retrieving his glasses, Defendants Hancock and Stayton took Plaintiff to the patrol car.

48. While being escorted to the patrol car, Plaintiff objected that his car was still running.  Defendants said they were going to tow the vehicle, to which Plaintiff objected.

49. A non-defendant Officer approached Plaintiff to ask if he still wanted to speak to a supervisor, to which Plaintiff responded in the affirmative, and the Officer then informed Plaintiff the supervisor was on his way.

50. Another non-Defendant officer, in conversation with the Defendant officers, indicates that he is familiar with Plaintiff, that Plaintiff is "always like this," that he has interacted with Plaintiff at a Taco Bell before, and that "as soon as [he] saw [the Plaintiff], [he] was like 'oh, great!'"  Defendant Hancock said that he'd heard about Plaintiff's history.

51. When the supervisor arrived, a non-defendant officer informed him that Plaintiff wished to speak with him.  The supervisor responded that he won't talk to Plaintiff, demonstrating a pattern and practice of failing to adequately supervise on the part of the

City of Covington Police Department, but then stated that Plaintiff can file a complaint in the morning if he wants to.

52. The supervisor then spoke with the officers to ask why Plaintiff was arrested. Defendant Hancock answered "DC," as in disorderly conduct. The supervisor was satisfied, never looked into the incident, and left.

53. Defendants then took Plaintiff to jail, and a non-Defendant officer searched and impounded his vehicle.

54. During the drive to jail, Plaintiff repeatedly expressed pain and discomfort in his writs due to the tightness of the handcuffs to Defendant Hancock, who transported him to jail, something Plaintiff had complained about before being placed in the police vehicle.

55. Defendant Hancock never loosened Plaintiff's handcuffs.

56. Defendants Hancock and Stayton ostensibly placed Plaintiff under arrest for an alleged violation of criminal trespass in the third degree, which is codified at Ky. Rev. Stat. § 511.080. They did so despite clearly established Kentucky case law, that presence in a parking lot after hours without a "no trespassing" sign or other indication that presence in the parking lot after hours is impermissible, is not trespassing. *Howard v. Spradlin*, 562 S.W.3d 281, 285 (Ky. App. 2018); *Comm. v. Skaggs*, 2021 WL 68832, n. 7 (Ky. App. 2021). The Sixth Circuit has also established, in binding and published case law, that in Kentucky, when in a public place, or even in a fenced in area that does not have no trespassing signs, a person is not trespassing unless they are asked to leave by a person in authority of the property. *Helms v. George Zubaty*, 495 F.3d 252, 259 (6th Cir. 2007). And it was clearly established at the time that the arrest of someone without probable

cause violated the Fourth Amendment. *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 310 (6th Cir. 2005).

57. Moreover, Defendants Hanock and Stayton acted maliciously, and in part because they had a personal animus against Plaintiff.

58. For voicing his opinion to the police that their conduct was illegal and excessive Defendants Hancock and Stayton also ostensibly charged Plaintiff for an alleged violation disorderly conduct in the second degree, which is codified at Ky. Rev. Stat. § 525.060. They did so despite clearly established Supreme Court and Sixth Circuit case law, that questioning police and arguing with them is protected under the First Amendment and that requesting looser handcuffs is an essential element to prove excessive tightness of handcuffs. *City of Houson, Tex. v. Hill*, 482 U.S. 451, 462-63 (1987); *Greene v. Barber*, 310, F.3d 889, 897 (6th Cir. 2002), *Henry v. City of Flint*, F. App'x 973, 981 (6th Cir. 2020); *Morrison v. Board of Trustees of Green Tp.*, 583 F.3d 394, 401 (6th Cir. 2009); *Lyons v. City of Xenia*, 417 F.3d 565, 575-76 (6th Cir. 2005); *Martin v. Heideman*, 106 F.3d 1308, 1313 (6th Cir. 1997).

59. In so doing, Defendants Hancock and Stayton acted maliciously, and in part because they had a personal animus against Plaintiff.

60. Specifically, in the course of handcuffing Plaintiff and slamming him against the fence and curb, Defendants Hancock and Stayton used excessive force, and caused injury to Plaintiff's face, arms, chest, and wrist.

61. In a pretense effort to then justify Defendant Hancock and Stayton's gratuitous force, an officer falsely stated "you resisted," even though body worn camera depicts absolutely no active resistance.

62. Defendant Hancock and Stayton also reached into Plaintiff's pockets to illegally search him.

63. Plaintiff again stated that Defendants were violating his rights, and in response, Defendant Hancock verbally defended what Defendants were doing.

64. To cover up the patently illegal arrest for trespass, Defendant Hancock and the supervisor knew he had to charge Plaintiff with something else, and thus Hancock made up another charge that Plaintiff did not commit, namely disorderly conduct.

65. During the drive to jail, Defendant Hancock then admitted that he (and Stayton) knew that they had wrongfully arrested the Plaintiff stating that "then when it goes to court you can get it thrown out."

66. While parked outside the jail, Plaintiff once again expressed that he was in pain because of how tight the handcuffs were as a result of Defendant Hancock's refusal to loosen the cuffs after Plaintiff requested the pressure on his wrist be loosened, saying "[t]his is fucking killing me."

67. Even after taking Plaintiff out of the car, Defendant Hancock still did not loosen his handcuffs.

68. Plaintiff was cited and charged with trespassing and disorderly conduct, but, because there was no probable cause for such a charge, the Kenton County Attorney dismissed the charges on November 29, 2022, where the County Attorney's office stated that it was withdrawing the charges because "we do not believe there was PC for these charges at all."

69. Defendants Hancock and Stayton and/or other officers within the Covington Police Department have a significant history of troubling incidents that the City of Covington

has failed to take appropriate action to address, all predating the incident in question in this case.

70. Ongoing and serious deficiencies in official policy, unofficial custom, and deliberate indifference in the Covington Police Department are both well known, and well documented.  Certain of those deficiencies are the subjects of other cases that have been pending in this Court.  *Wynn v. City of Covington, et. al.*, 2:21-cv-00137; *Camarca v. Covington, et. al.*, 2:22-cv-00128; *Davis v. City of Covington, et. al.*, 2:23-cv-00066; *Williams v. City of Covington, et. al.* 2:20-cv-00053-GFVT; *Bruckman v. Covington Police Department, et. al.*, 2:18-cv-00139-WOB-HAI

71. Defendant, the City of Covington, is liable for the misconduct of Defendants Hancock and Stayton because, among other reasons, the violations cited herein resulted from the city's official policy, an unofficial custom, and/or because the city was deliberately indifferent in failing to train or supervise the officers, and their supervisors ratified their decisions in question.

### COUNT I – Violation of the Fourth Amendment (42 USC § 1983, all Defendants)

72.  Plaintiff reincorporates the preceding paragraphs as if fully written herein.

73. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."

74. Defendants Hancock and Stayton had no reasonable suspicion for any detention of the Plaintiff, but they nevertheless continued an illegal detention of Plaintiff.  The innocence of Plaintiff's conduct were clearly established in *Howard v. Spradlin*, 562 S.W.3d 281, 285 (Ky. App. 2018); *Comm. v. Skaggs*, 2021 WL 68832, n. 7 (Ky. App. 2021), and

*Sutton v. Metro. Gov't of Nashville & Davidson County*, 700 F.3d 865 (6th Cir. 2012) (and cases cited therein).

75. Defendants Hancock and Stayton's refusal to loosen Plaintiff's handcuffs likewise violated the Fourth Amendment's prohibition against excessive force under clearly established law. *Morrison v. Board of Trustees of Green Tp.*, 583 F.3d 394, 401 (6th Cir. 2009); *Lyons v. City of Xenia*, 417 F.3d 565, 575-76 (6th Cir. 2005); *Martin v. Heideman*, 106 F.3d 1308, 1313 (6th Cir. 1997).

76. The arrest of Plaintiff by Defendants Hancock and Stayton was without probable cause under clearly established case law. *Howard v. Spradlin*, 562 S.W.3d 281, 285 (Ky. App. 2018); *Comm. v. Skaggs*, 2021 WL 68832, n. 7 (Ky. App. 2021); *Helms v. George Zubaty*, 495 F.3d 252, 259 (6th Cir. 2007) and *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 310 (6th Cir. 2005)

77. The gratuitous use of force, including the initial hands on, followed by the body slam, by Defendants Hancock and Stayton has consistently been held to be excessive under clearly established case law. *See, e.g., Morrison v. Bd. Of Trs. of Green Twp.*, 583 F.3d 394, 407 (6th Cir. 2009); *Lawler v. City of Taylor*, 268 F. App'x 384, 387 (6th Cir. 2008); *Shumate v. City of Adrian*, 44 F.4th 427, 446 (6th Cir. 2022); *Meirthew v. Amore*, 417 F. App'x 494, 497-98 (6th Cir. 2011).

78. Defendants Hancock and Stayton, acting under color of any statute, ordinance, regulation, custom, or usage, of the Commonwealth of Kentucky, subjected the Plaintiff, a citizen of the United States, to be deprived of his rights, privileges, or immunities secured by the Constitution, and thus are liable to the party injured under 42 U.S.C. §1983.

11

79. Furthermore, as a consequence and the proximate and actual cause of the foregoing and the actions of Defendants, Plaintiff has suffered various damages, including, without limitation, physical injury, travel costs to retrieve his vehicle, impounding fees, legal defense expenses, and other damages, such as will be proven at trial, which exceeds $25,000.

80. Defendant, City of Covington is likewise liable for compensatory damages under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) for the foregoing Fourth Amendment violations, because (i) officials with final decision making authority ratified illegal actions; (ii) the City had and may still have a policy of inadequate training or supervision, including the failure to investigate, supervise, and take appropriate action with respect to Defendants Hancock and Stayton, despite the existence of prior legitimate complaints against him for similar unconstitutional misconduct; and (iii) the City had, at all times relevant hereto, and may still have a custom of tolerance or acquiescence of federal rights violations. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

81. Plaintiff further seeks punitive damages against Defendants Hancock and Stayton, in their individual capacities, since the actions complained of were motivated by evil motive or intent, and/or involved reckless or callous indifference to the federally protected rights of Plaintiff. Plaintiff demands judgment on these punitive damages against Defendants Hancock and Stayton, in their individual capacities, in an amount to be determined at trial, but not less than $25,000.00, exclusive of interest and costs.

82. Plaintiff further seeks his reasonable attorney fees and costs under 42 U.S.C. § 1988 for these violations.

## COUNT II – Violation of the First Amendment (42 USC § 1983, all Defendants)

83. Plaintiff reincorporates the preceding paragraphs as if fully written herein.

84. Plaintiff engaged in clearly established protected speech in questioning the Defendant officers for their illegal activities and for his speech as set forth in, among other things, paragraphs 18, 19, 20, 21, 22, 26, 28, 29, 35, 39, 41, 44, 45, 48, and 53, as well as Plaintiff's repeated verbal refusals to accede to the illegal demand to identify himself, and as set forth in and clearly established by *City of Houston v. Hill*, 482 U.S. 451, 461-463 (1987), *McCurdy v. Montgomery County*, 240 F.3d 512, 520 (6th Cir. 2001), *Barnes v. Wright*, 449 F.3d 709, 718 (6th Cir. 2006), *Greene v. Barber*, 310 F.3d 889, 895-96 (6th Cir. 2002); *Henry v. City of Flint*, F. App'x 973, 981 (6th Cir. 2020); *Morrison v. Board of Trustees of Green Tp.*, 583 F.3d 394, 401 (6th Cir. 2009)

85. Defendants Hancock and Stayton retaliated against Plaintiff for this protected speech by engaging in several adverse actions that would deter a person of ordinary firmness from engaging in such protected speech, including, without limitation, by detaining him and then arresting him and charging him, as well as gratuitously using force on him, all without probable cause.

86. There is a causal connection between Plaintiff's protected speech and the adverse actions, in part because Defendants Hancock and Stayton admitted that is why they engaged in the adverse actions.

87. Defendants have thus violated Plaintiff's clearly established First Amendment rights, as set forth in *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999), establishing that all three elements of a First Amendment retaliation claim are met here.

13

88. Defendants, acting under color of any statute, ordinance, regulation, custom, or usage, of the Commonwealth of Kentucky, subjected the Plaintiff, a citizen of the United States, to be deprived of his rights, privileges, or immunities secured by the Constitution, and thus are liable to the party injured under 42 U.S.C. §1983.

89. Furthermore, as a consequence and the proximate and actual cause of the foregoing and the actions of Defendants, Plaintiff has suffered various damages, including, without limitation, physical injury, travel costs to retrieve his vehicle, impounding fees, legal defense expenses, and other damages, such as will be proven at trial, which exceeds $25,000.

90. Defendant, City of Covington is likewise liable for compensatory damages under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) for the foregoing Fourth Amendment violations, because (i) officials with final decision making authority ratified illegal actions; (ii) the City had and may still have a policy of inadequate training or supervision, including the failure to investigate, supervise, and take appropriate action with respect to Hancock and Stayton, despite the existence of prior legitimate complaints against him for similar unconstitutional misconduct; and (iii) the City had and may still have a custom of tolerance or acquiescence of federal rights violations. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

91. Plaintiff further seeks punitive damages against Defendants Hancock and Stayton, in their individual capacities, since the actions complained of were motivated by evil motive or intent, and/or involved reckless or callous indifference to the federally protected rights of Plaintiff. Plaintiff demands judgment on these punitive damages against Defendants, in

their individual capacities, in an amount to be determined at trial, but not less than $25,000.00, exclusive of interest and costs.

92. Plaintiff further seeks his reasonable attorney fees and costs under 42 U.S.C. § 1988 for these violations.

### COUNT III – Civil Assault and Battery (all Defendants)[2]

93. Plaintiff reincorporates the preceding paragraphs as if fully written herein.

94. Defendants Hancock and Stayton, in grabbing Plaintiff, maliciously twisting his arm behind Plaintiff's back, and handcuffing Plaintiff with excessive tightness without the consent of Plaintiff, committed an intentional harmful or offensive touching to the person of the Plaintiff, with the requisite intent, and has proximately and actually caused him physical damages to his face, chest, arm, and wrist, pain and suffering, humiliation, mental distress, and other damages, such as will be proven at trial, which exceeds $25,000, thus committing a civil battery.

95. Prior to committing the foregoing civil battery, Defendants Hancock and Stayton intentionally placed Plaintiff in apprehension of contact with him, without the consent of Plaintiff, committing civil assault, proximately and actually causing him mental distress, economic damages in the form of lost wages due to the medical treatment, and other damages, such as will be proven at trial, thus committing a civil assault.

96. While officers are privileged for battery or assault for making a lawful arrest, that privilege is not existent where, as here, the arrest was not lawful, and excessive force was used in making the arrest.

---

[2] For the avoidance of all doubt, Counts III, IV, V, VI, VII, and VIII are state law claims.

97. Defendants Hancock and Stayton's actions were done in bad faith, both because they violated constitutional, statutory, and/or other clearly established rights, which a person in their position presumptively would have known was afforded to a person in the plaintiff's position i.e., objective unreasonableness; and because the officers acted willfully or maliciously intended to harm the plaintiff and/or acted with a corrupt motive.

98. Because Hancock and Stayton were acting within the scope of their respective authority at the time the act complained of occurred, the City of Covington is liable under *respondeat superior* for compensatory damages for the foregoing conduct.

99. Plaintiff further seeks punitive damages against Defendants Hancock and Stayton for the arrest, because it was done with the requisite malice and state of mind of oppression, in an amount to be proven at trial.

100.    Further, Defendant Hancock and Stayton's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner.

## <u>COUNT IV – Civil False Imprisonment (all Defendants)</u>

101.    Plaintiff reincorporates the preceding paragraphs as if fully written herein.

102.    Defendants Hancock and Stayton confined Plaintiff intentionally, without privilege, and against his consent, and specifically confined Plaintiff within the parking lot area, the police car, and the Kenton County jail, and did not permit him to leave, which occurred for the duration of the appreciable time of the parking lot detention, and then subsequent arrest.

103.    The foregoing has proximately and actually caused Plaintiff damages, leading to the wrongful arrest and injury, and has caused him physical damages, pain and suffering, humiliation, meeting with attorneys, and recovering his vehicle, legal fees, impound fees,

mental distress, and other damages, such as will be proven at trial, which exceeds $25,000.

104.    Plaintiff further seeks punitive damages against Defendants Hancock and Stayton, because it was done with the requisite malice and state of mind of oppression, in an amount to be proven at trial.

105.    Defendant Hancock and Stayton's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner.

106.    Defendants Hancock and Stayton's actions were done in bad faith, both because they violated constitutional, statutory, and/or other clearly established rights, which a person in their position presumptively would have known was afforded to a person in the plaintiff's position i.e., objective unreasonableness; and because the officers acted willfully or maliciously intended to harm the plaintiff and/or acted with a corrupt motive.

107.    Because Hancock and Stayton were acting within the scope of their respective authority at the time the act complained of occurred, the City of Covington is liable under respondeat superior for compensatory damages for the foregoing conduct.

## COUNT V – Civil False Arrest (all Defendants)

108.    Plaintiff reincorporates the preceding paragraphs as if fully written herein.

109.    Plaintiff was intentionally and unlawfully arrested by Defendants Hancock and Stayton.

110.    For the benefit of all doubt, there was no probable cause for that arrest.

111.    The foregoing has proximately and actually caused Plaintiff damages, pain and suffering, humiliation, economic damages in the form of lost wages due to time in jail,

meeting with attorneys, and recovering his vehicle, legal fees, impound fees, mental distress, and other damages, such as will be proven at trial, which exceeds $50,000.

112.     Defendants Hancock and Stayton's actions were done in bad faith, both because they violated constitutional, statutory, and/or other clearly established rights, which a person in their position presumptively would have known was afforded to a person in the plaintiff's position i.e., objective unreasonableness; and because the officers acted willfully or maliciously intended to harm the plaintiff and/or acted with a corrupt motive.

113.     Because Hancock and Stayton were acting within the scope of their respective authority at the time the act complained of occurred, the City of Covington is liable under respondeat superior for compensatory damages for the foregoing conduct.

114.     Plaintiff further seeks punitive damages against Defendants Hancock and Stayton, because it was done with the requisite malice and state of mind of oppression, in an amount to be proven at trial.

115.     Defendant Hancock and Stayton' acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner.

**COUNT VI – Malicious criminal prosecution (Hancock and Stayton)**

116.     Plaintiff reincorporates the preceding paragraphs as if fully written herein.

117.     Defendants Hancock and Stayton had malice in the institution of the false trespassing and disorderly conduct charges against Plaintiff; specifically, that malice included a knowing and deliberate attempt to punish Plaintiff for the exercise of his constitutional right not to present his identification, and to criticize the actions of police.

118.     There was no probable cause for the trespassing charge.

119.     There was no probable cause for the disorderly conduct charge.

120.     Both charges were contrary to clearly established Kentucky and Federal law.

121.     The dismissal of that charge, effected on or about November, 2022, was in Plaintiff's favor with the prosecuting attorney explicitly noting on the record that there was no probable cause for this prosecution.

122.     Both charges were made at the insistence of and was instituted by Defendants Hancock and Stayton.

123.     The foregoing has proximately and actually caused Plaintiff damages, pain and suffering, humiliation, meeting with attorneys, and recovering his vehicle, legal fees, impound fees, mental distress, and other damages, such as will be proven at trial, which exceeds $25,000.

124.     Plaintiff further seeks punitive damages against Defendants Hancock and Stayton, because it was done with the requisite malice and state of mind of oppression, in an amount to be proven at trial.

125.     Defendant Hancock and Stayton's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner.

126.     Defendants Hancock and Stayton's actions were done in bad faith, both because they violated constitutional, statutory, and/or other clearly established rights, which a person in their position presumptively would have known was afforded to a person in the plaintiff's position i.e., objective unreasonableness; and because the officers acted willfully or maliciously intended to harm the plaintiff and/or acted with a corrupt motive.

127.     Because Hancock and Stayton were acting within the scope of their respective authority at the time the act complained of occurred, the City of Covington is liable under respondeat superior for compensatory damages for the foregoing conduct.

## COUNT VII – Conversion (All Defendants)

128.    Plaintiff reincorporates the preceding paragraphs as if fully written herein.

129.    Plaintiff had legal title to his vehicle.

130.    Plaintiff had possession of his vehicle and the right to possess it at the time of his unlawful arrest.

131.    Defendants exercised dominion over the vehicle by impounding it.

132.    Impounding the vehicle through a towing company with which the City of Covington has a contract denied Plaintiff the right to use and enjoy the vehicle to Defendants' beneficial enjoyment.

133.    Plaintiff told Defendants that they can't take his car and that it was still running, thereby creating a demand for the property's return.

134.    Defendants Hancock and Stayton's decision to arrest Plaintiff and impound his car was the cause of Plaintiff losing his vehicle for the duration of his unlawful detention.

135.    By using a tow truck to impound Plaintiff's vehicle, Defendants caused damages including but not limited to the impounding fee, wear-and-tear damage to Plaintiff's vehicle, the Uber/Lyft/Taxi/Bus fee to recover the vehicle, and nominal damages due to the dispossession of the vehicle.

136.    Defendants' actions caused Plaintiff damages, pain and suffering, humiliation, economic damages in the form of costs associated with recovering his vehicle, legal fees, impound fees, mental distress, and other damages, such as will be proven at trial, which exceeds $25,000.

137.    Defendants Hancock and Stayton's actions were done in bad faith, both because they violated constitutional, statutory, and/or other clearly established rights, which a

person in their position presumptively would have known was afforded to a person in the plaintiff's position i.e., objective unreasonableness; and because the officers acted willfully or maliciously intended to harm the plaintiff and/or acted with a corrupt motive.

138.    Because Hancock and Stayton were acting within the scope of their respective authority at the time the act complained of occurred, the City of Covington is liable under *respondeat superior* for compensatory damages for the foregoing conduct.

### <u>COUNT VIII – Trespass to Chattels (All Defendants)</u>

139.    Plaintiff reincorporates the preceding paragraphs as if fully written herein.

140.    Defendants intentionally dispossessed Plaintiff of his vehicle by having it impounded.

141.    The vehicle was Plaintiff's chattel.

142.    Defendants took the chattel from the possession of Plaintiff without his consent.

143.    Defendants took the chattel in such a way that they intentionally dealt with the chattel in a way which was destructive of Plaintiff's possessory interest in the vehicle by impounding it.

144.    Defendants, more specifically, took the chattel into the custody of the law.

145.    Because Defendants engaged in wrongful seizure and false arrest against Plaintiff, the subsequent impounding of his vehicle was not pursuant to a lawful arrest.

146.    By using a tow truck to impound Plaintiff's vehicle, Defendants caused damages including but not limited to the impounding fee, wear-and-tear damage to Plaintiff's vehicle, the Uber/Lyft/Taxi/Bus fee to recover the vehicle, and nominal damages due to the dispossession of the vehicle.

147.    Defendants' actions caused Plaintiff damages, pain and suffering, humiliation, economic damages in the form of costs associated with recovering his vehicle, legal fees, impound fees, mental distress, and other damages, such as will be proven at trial, which exceeds $25,000.

148.    Defendants Hancock and Stayton's actions were done in bad faith, both because they violated constitutional, statutory, and/or other clearly established rights, which a person in their position presumptively would have known was afforded to a person in the plaintiff's position i.e., objective unreasonableness; and because the officers acted willfully or maliciously intended to harm the plaintiff and/or acted with a corrupt motive.

149.    Because Hancock and Stayton were acting within the scope of their respective authority at the time the act complained of occurred, the City of Covington is liable under respondeat superior for compensatory damages for the foregoing conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as prayed for, including:

A.  That Plaintiff be awarded money damages, including both compensatory and punitive damages against the individual capacity Defendants, in an amount to be proven at trial, and exceeding $25,000.00, exclusive of interest and costs;

B.  That Plaintiff be awarded compensatory money damages against the City of Covington, in an amount to be proven at trial, and exceeding $25,000.00, exclusive of interest and costs;

C.  That trial by jury be had on all issues so triable;

D.  That Plaintiff be awarded his costs in this action, including reasonable attorney fees under 42 U.S.C. § 1988; and

E.  Such other relief as this Court shall deem just and proper.

Respectfully submitted,

/s/ Christopher Wiest
Christopher Wiest (KBA 90725)
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
513/257-1895 (v)
859/495-0803 (f)
chris@cwiestlaw.com
**Attorney for Plaintiff**

## JURY DEMAND

Pursuant to FRCP 38 and other applicable law, Plaintiff demands trial by jury on all causes so triable.

/s/ Christopher Wiest
Christopher Wiest (KBA 90725)

## CERTIFICATE OF SERVICE

I have served a copy of the foregoing upon each of the Defendants by serving each of the foregoing, pursuant to Civil Rule 5(B)(2) (B) by leaving it: (i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or (ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there; and/or (C) mailing it to the person's last known address—in which event service is complete upon mailing, this 12 day of October, 2023.

/s/ Christopher Wiest
Christopher Wiest (KBA 90725)