UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
CASE NO. 2:23-CV-00127-DCR

**BRETT BAAS**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

**v.**

**CITY OF COVINGTON,** *et al.*　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

## ANSWER TO AMENDED COMPLAINT

The Defendants, Nicholas Hancock, Zachary Stayton, and the City of Covington, by and through counsel, for their Answer to the Amended Complaint, state as follows:

### Introduction

1. The averments in paragraph 1 of the Amended Complaint call for a conclusion of law which Defendants are not required to make and accordingly, no response is required, and Defendants specifically deny that they violated any clearly established law in their arrest of Plaintiff on September 22, 2022.

### Parties

1. Defendants deny the averments in paragraph 2 of the Amended Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

2. Defendants admit the averments in paragraphs 3 and 4 of the Amended Complaint.

### Jurisdiction and Venue

1. The averments in paragraphs 5, 6, 7 and 8 of the Amended Complaint call for a conclusion of law which Defendants are not required to make and accordingly, no response is required.

1

**Facts Common to all Claims**

1. Defendants admit the averments in paragraphs 13, 16, 17, 18, 19, 20, 22, 24, 33, 36, 37, 39, 46, 48, 49, and 53 of the Amended Complaint.

2. Defendants deny the averments in paragraphs 10, 11, 42, 55, 66, and 67 of the Amended Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

3. Defendants deny the averments in paragraph 9 of the Amended Complaint alleging that Plaintiff committed no criminal offense, but admit all remaining averments therein.

4. Defendants admit so much of paragraph 12 of the Amended Complaint that avers that Officer Hancock asked what the cat looked like, but deny all remaining averments therein.

5. Defendants admit so much of paragraph 14 of the Amended Complaint that avers that Plaintiff and the woman looked suspicious standing there, but deny all remaining averments therein.

6. Defendants admit so much of paragraph 15 of the Amended Complaint that alleges that the woman said she was picking up trash, but deny all remaining averments therein.

7. Defendants admit so much of paragraph 21 of the Amended Complaint that avers that Officer Hancock stated that he did come up and stop Plaintiff, that Plaintiff stated that he was not providing an ID, and that Officer Hancock stated that Plaintiff was trespassing on the parking lot, but deny all remaining averments therein.

8. Defendants admit so much of paragraph 27 of the Amended Complaint that avers that Officer Stayton stated that Plaintiff was not listening and was instructed to listen, but deny all remaining averments therein.

9. Defendants admit so much of paragraph 28 of the Amended Complaint that avers that Plaintiff stated "alright" and "don't slam me", but deny all remaining averments therein.

10. Defendants admit so much of paragraph 29 of the Amended Complaint that avers that Plaintiff stated "don't slam me", "what is the fucking problem" and "get off my phone" but deny all remaining averments therein.

11. Defendants admits so much of paragraph 32 of the Amended Complaint that avers that Plaintiff stated "alright, alright, ok" but deny all remaining averments therein.

12. Defendants admits so much of paragraph 34 of the Amended Complaint that avers that Stayton asked Plaintiff for his ID, but deny all remaining averments therein.

13. Defendants admits so much of paragraph 35 of the Amended Complaint that avers that Plaintiff asked to speak to a supervisor and for his glasses, but deny all remaining averments therein.

14. Defendants admits so much of paragraph 41 of the Amended Complaint that avers that Plaintiff stated that he was not resisting and asked for pressure be let off his wrist, but deny all remaining averments therein.

15. Defendants admits so much of paragraph 45 of the Amended Complaint that avers that Officers Hancock and Stayton searched Plaintiff and that Plaintiff claimed the search was illegal and that he did not consent, but deny all remaining averments therein.

16. Defendants admits so much of paragraph 47 of the Amended Complaint that avers that Plaintiff was placed in a patrol car, but deny all remaining averments therein.

17. Defendants admits so much of paragraph 50 of the Amended Complaint that avers that a police officer stated that he interacted with Plaintiff before and that conversations occurred between the other officers and Defendants Hancock and Stayton, but deny all remaining averments therein for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

18. Defendants admits so much of paragraph 52 of the Amended Complaint that avers that a supervisor spoke with officers regarding the incident and was informed of the charges, but deny all remaining averments therein.

19. Defendants admit so much of paragraph 68 of the Amended Complaint that avers that Plaintiff was cited and charged with trespassing and disorderly conduct, and that the charges were dismissed, but deny all remaining averments therein for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

20. Defendants specifically deny the averments in paragraphs 23, 25, 26, 30, 31, 38, 40, 43, 44, 51, 54, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 69, 70, and 71 of the Amended Complaint.

21. Any allegations in the Amended Complaint not specifically admitted or denied.

22. With respect to all allegations with purported quotes of statements made by Plaintiff, Defendants or other persons involved in the incident, Defendants affirmatively state that the body worn camera footage of the Covington Police Officers speaks for itself and requires no further response by Defendants and Defendants specifically deny and reject any

4

all interpretations, summaries, or spin placed upon the statements in the Amended Complaint.

### COUNT I - Fourth Amendment Violation

1. Defendants reiterate their admissions and denials to the averments in paragraphs 1 through 71 as adopted in paragraph 72 of the Amended Complaint.

2. The averments in paragraph 73 of the Amended Complaint call for a conclusion of law which Defendants are not required to make and accordingly, no response is required.

3. Defendants specifically deny the averments in paragraphs 74, 75, 76, 77, 78, 79, 80, 81, and 82 of the Amended Complaint.

### COUNT II – First Amendment Violation

1. Defendants reiterate their admissions and denials to the averments in paragraphs 1 through 82 as adopted in paragraph 83 of the Amended Complaint.

2. The averments in paragraph 84 of the Amended Complaint call for a conclusion of law which Defendants are not required to make and accordingly, no response is required.

3. Defendants specifically deny the averments in paragraphs 85, 86, 87, 88, 89, 90, 91 and 92 of the Amended Complaint.

### COUNT III – Assault and Battery

1. Defendants reiterate their admissions and denials to the averments in paragraphs 1 through 92 as adopted in paragraph 93 of the Amended Complaint.

2. The averments in paragraph 98 of the Amended Complaint call for a conclusion of law which Defendants are not required to make and accordingly, no response is required.

3. Defendants specifically deny the averments in paragraphs 94, 95, 96, 97, 99 and 100 of the Amended Complaint.

## COUNT IV – False Imprisonment

1. Defendants reiterate their admissions and denials to the averments in paragraphs 1 through 100 as adopted in paragraph 101 of the Amended Complaint.

2. Defendants specifically deny the averments in paragraph 102, 103, 104, 105, 106 and 107 of the Amended Complaint.

## COUNT V – False Arrest

1. Defendants reiterate their admissions and denials to the averments in paragraphs 1 through 107 as adopted in paragraph 108 of the Amended Complaint.

2. The averments in paragraph 113 of the Amended Complaint call for a conclusion of law which Defendants are not required to make and accordingly, no response is required.

3. Defendants specifically deny the averments in paragraphs 109, 110, 111, 112, 114, and 115 of the Amended Complaint.

## COUNT VI – Malicious Prosecution

1. Defendants reiterate their admissions and denials to the averments in paragraphs 1 through 115 as adopted in paragraph 116 of the Amended Complaint.

2. The averments in paragraph 127 of the Amended Complaint call for a conclusion of law which Defendants are not required to make and accordingly, no response is required.

3. Defendants specifically deny the averments in paragraphs 117, 118, 119, 120, 121, 122, 123, 124, 125, and 126 of the Amended Complaint.

## **COUNT VII – Conversion**

1. Defendants reiterate their admissions and denials to the averments in paragraphs 1 through 127 as adopted in paragraph 128 of the Amended Complaint.

2. Defendants admit the averments in paragraph 131 of the Amended Complaint.

3. Defendants deny the averments in paragraph 129 of the Amended Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

4. The averments in paragraph 138 of the Amended Complaint call for a conclusion of law which Defendants are not required to make and accordingly, no response is required.

5. Defendants specifically deny the averments in paragraphs 132, 133, 134, 135, 136, and 137 of the Amended Complaint.

## **COUNT VIII – Trespass to Chattels**

1. Defendants reiterate their admissions and denials to the averments in paragraphs 1 through 138 as adopted in paragraph 139 of the Amended Complaint.

2. Defendants admit so much paragraph 140 of the Amended Complaint that avers that they impounded Plaintiff's vehicle, but deny all remaining averments therein.

3. Defendants admit so much of paragraph 142 of the Amended Complaint that avers that they impounded his vehicle without Plaintiff's specific consent, but deny all remaining averments therein.

4. Defendants deny the averments in paragraph 141 of the Amended Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

5. Defendants admit so much of paragraph 144 of the Amended Complaint that avers that they took Plaintiff's vehicle into custody and assert that they were lawfully authorized to do so, but deny all remaining averments therein.

6. Defendants deny the averments in paragraphs 143, 145, 146, 147 and 148 of the Amended Complaint.

7. The averments in paragraph 149 of the Amended Complaint call for a conclusion of law which Defendants are not required to make and accordingly, no response is required.

## FIRST DEFENSE

1. The Amended Complaint fails to allege facts sufficient to state a claim against the Defendants upon which relief may be granted.

## SECOND DEFENSE

2. Some or all of Plaintiff's claims as averred in the Amended Complaint are time barred by the governing statute of limitations and/or the doctrine of laches.

## THIRD DEFENSE

3. The Defendants, Nicholas Hancock and Zachary Stayton, in their individual capacities, are entitled to qualified immunity from suit, from any federal law claims asserted

therein, and from the liability sought to be imposed by the Plaintiff in his Amended Complaint.

**FOURTH DEFENSE**

4.     The Defendants, Nicholas Hancock and Zachary Stayton, in their individual capacities, are entitled to qualified official immunity from suit, from any state law claims asserted therein, and from the liability sought to be imposed by the Plaintiff in his Amended Complaint.

**FIFTH DEFENSE**

5.     Some or all of Plaintiff's claims are barred because Defendants had a reasonable, articulable suspicion to detain Plaintiff.

**SIXTH DEFENSE**

6.     Some or all of Plaintiff's claims are barred because Defendants had probable cause to arrest and charge Plaintiff with violation of Kentucky Revised Statutes.

**SEVENTH DEFENSE**

7.     At all times referenced in the Amended Complaint, Defendants actions were reasonable, proper, justified, lawful, and undertaken without any wrongful intent, impact or affect.

**EIGHTH DEFENSE**

8.     Plaintiff is estopped and/or has waived his right to assert some or all the claims in his Amended Complaint.

**NINTH DEFENSE**

9. If the Plaintiff was injured and/or damaged as alleged in the Amended Complaint, his injuries and/or damages were caused solely as a result of his own acts or omissions.

**TENTH DEFENSE**

10. Alternatively, if the Plaintiff was injured and/or damaged as alleged in the Amended Complaint, his injuries and/or damages were caused by the acts or omissions of a third party over whom Defendants had no control, and for whose acts or omissions Defendants are neither liable nor responsible to the Plaintiff.

**ELEVENTH DEFENSE**

11. Alternatively, if the Plaintiff was injured and/or damaged as alleged in the Amended Complaint, his injuries and/or damages were caused and brought about by an intervening, superseding cause outside the realm of knowledge, foreseeability or control of Defendants.

**TWELFTH DEFENSE**

12. Alternatively, Plaintiff has failed to mitigate his damages which is a bar and/or limitation on his claims.

**THIRTEENTH DEFENSE**

13. The imposition of punitive damages against the Defendants would violate their constitutional rights under the due process clause of the Fifth and Fourteenth Amendments, and the excessive fines clause of the Eighth Amendment, to the United States Constitution and similar provisions in the Constitution of the Commonwealth of Kentucky.

## FOURTEENTH DEFENSE

14. To avoid waiver, Defendants assert all affirmative defenses in Civil Rule 8(c) as a bar and/or limitation on Plaintiff's claims.

WHEREFORE, having fully answered, the Defendants, Defendants, Nicholas Hancock, Zachary Stayton, and the City of Covington, demand that the Amended Complaint be dismissed with prejudice at the cost of the Plaintiff, for an award of attorney fees incurred in defending this action, for trial by jury, and for any and all other relief to which they may appear to be entitled.

Respectfully submitted,

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq. (#43548)
Olivia F. Amlung, Esq. (#97449)
ADAMS LAW, PLLC
40 West Pike Street
Covington, KY  41011
859.394.6200 | 859.392.7200 – Fax
jmando@adamsattorneys.com
oamlung@adamsattorneys.com

*Attorneys for Defendants, Nicholas Hancock, Zachary Stayton, and the City of Covington*

## CERTIFICATE OF SERVICE

This is to certify that on this **6th** of November 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:  Christopher Wiest, Esq.

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq.